IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Petit Pierre, #72191-004,           )     Case No. 4:23-2216-JD-TER
)
          Petitioner,     )
)
    vs.          )     **ORDER**
)
Warden Janson,         )
)
          Respondent.   )
_____)

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Petitioner Petit Pierre ("Petitioner" or "Pierre"), a federal inmate at FCI Edgefield proceeding *pro se*, brought this Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (DE 1.)  The Petition challenges "how [Pierre's] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)," "immigration detention," and "detainer." (Id. at 2.)  On May 31, 2023, the Magistrate Judge issued the Report recommending the Petition be summarily dismissed due to a failure to exhaust administrative remedies.  (DE 8.)  For the reasons stated herein, the Court adopts the Report.

In addition to challenging his sentence and detention, the Petitioner contends the Court should waive the requirement that an inmate exhaust his administrative remedies before filing a §

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

2241 petition "on the basis of futility."[2]  (DE 1 at 4.)  In support thereof, Pierre submitted an affidavit from a fellow inmate testifying among other things that "the administrative remedy process at FCI Edgefield is inadequate."  (DE 1-1, p. 1.)  The Report rejected Pierre's "futility argument," stating "[a] court may excuse a failure to exhaust only upon a showing of cause and prejudice; baseless assertions from a fellow inmate are insufficient to show prejudice to Petitioner."  (DE 8, p. 3 (citing Garcia v. Janson, No. 8:23-CV-1619-JFA-JDA, 2023 WL 3559697, at *2 (D.S.C. May 19, 2023)).)  Pierre filed an objection to the Report on June 8, 2023.  (DE 11.)

However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]    "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004); see also Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations omitted) ("As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent, courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'") Here, Pierre does not dispute that he has not exhausted his administrative remedies.  (See DE 1, p. 4.)

The majority of Pierre's objection discusses alleged inadequacies in the calculation of his sentence, specifically "whether an Alien subject to final order of deportation is prohibited from earning Good Time under the First Step Act." (DE 11, p. 2.) However, this objection is not related to the dispositive issue addressed in the Report, i.e., whether Pierre exhausted his administrative remedies. Nevertheless, Pierre does restate his assertion that "the administrative remedy process remains futile to the question here." (DE 11, p. 2.) To the extent this statement constitutes a specific objection to the Report, after a de novo review, the Court agrees with the Report's comprehensive analysis of the issue. "Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). Here, the baseless assertions from another inmate in the form of an affidavit is insufficient to show Pierre was prejudiced. See e.g., Garcia v. Janson, No. 8:23-CV-1619-JFA-JDA, 2023 WL 3559697, at *2 (D.S.C. May 19, 2023) (holding the same regarding a similar affidavit from the same inmate). Therefore, Pierre's objection is overruled.

Accordingly, after a thorough review of the Report and record, the Court adopts the Report and fully incorporates it herein.

It is, therefore, **ORDERED** that Pierre's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2023

3

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.